AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### Eastern District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>LAMONT BARNETT BOYCE, JR. | **JUDGMENT IN A CRIMINAL CASE**<br><br>                 DPAE5:12CR000140-001<br>Case Number:    DPAE5:12CR000142-001<br><br>USM Number:    56767-066<br><br>James F. Brose, Esquire<br>Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)    12-cr-140-01: Counts One and Two; 12-cr-142-01: Counts One, Two and Three.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section<br>Case No. 12-cr-140-01 | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to distribute cocaine base ("crack"). | April 15, 2010 | 1 |
| 21 U.S.C. §§ 841(a)(1),<br>(b)(1)(C) and 18 U.S.C. § 2 | Distribution of cocaine base ("crack") and aiding and abetting. | April 15, 2010 | 2 |

     The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____    ☐ is    ☐ are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 19, 2012
Date of Imposition of Judgment

_Signature of Judge_

James Knoll Gardner, U.S.D.J.
Name and Title of Judge

November 2, 2012
Date

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 1

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 1A

Judgment—Page ___2___ of ___9___

DEFENDANT:        LAMONT BARNETT BOYCE, JR.
CASE NUMBER:      DPAE5:12CR000140-001, DPAE5:12CR000142-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| **Case No. 12-cr-142-01** | | | |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | Possession with intent to distribute cocaine base ("crack"). | February 16, 2010 | 1 |
| 18 U.S.C. § 924(c) | Possession of a firearm in furtherance of a drug trafficking crime. | February 16, 2010 | 2 |
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm. | February 16, 2010 | 3 |

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page    3    of    9

DEFENDANT:        LAMONT BARNETT BOYCE, JR.
CASE NUMBER:      DPAE5:12CR000140-001, DPAE5:12CR000142-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

71 MONTHS consisting of a term of 45 months on each of Counts One and Two of Case No.12-cr-0140-01 and Counts One and Two of Case No.12-cr-0142-01, to be served concurrently, and a term of 26 months on Count Three of Case No. 12-cr-0142-01, to be served consecutively to the terms imposed on Counts One and Two of Case No.12-cr-0140-01 and Counts One and Two of Case No.12-cr-0142-01 to the extent necessary to produce a total term of 71 months.

X   The court makes the following recommendations to the Bureau of Prisons:

It is recommended to the Federal Bureau of Prisons that, while incarcerated, defendant shall participate in the Residential Drug Treatment Program.

It is further recommended to the Federal Bureau of Prisons, if otherwise appropriate, and if consistent   (continued)

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at _____    ☐ a.m.   ☐ p.m.   on _____ .

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
             Sheet 2A — Imprisonment

Judgment—Page    4    of    9

DEFENDANT:     LAMONT BARNETT BOYCE, JR.
CASE NUMBER:    DPAE5:12CR000140-001, DPAE5:12CR000142-001

## ADDITIONAL IMPRISONMENT TERMS

with the receipt of appropriate drug and alcohol treatment, that defendant serve the within sentence at FCI-Schuylkill in Minersville, Pennsylvania, the federal correctional institution closest to defendant's girlfriend Denysha Baynard and defendant's son La-Zhon Boyce-Hill, each of whom reside in Lancaster, Pennsylvania.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page ___5___ of ___9___

DEFENDANT:          LAMONT BARNETT BOYCE, JR.
CASE NUMBER:        DPAE5:12CR000140-001, DPAE5:12CR000142-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

FIVE YEARS.  This term consists of terms of three years on each of Counts One and Two of Case No.12-cr-0140-01 and Counts One and Two of Case No.12-cr-0142-01 and a term of five years on Count Three of Case No.12-cr-0142-01, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page   6   of   9

DEFENDANT:        LAMONT BARNETT BOYCE, JR.
CASE NUMBER:      DPAE5:12CR000140-001, DPAE5:12CR000142-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall participate in drug treatment and abide by the rules of any such program until satisfactorily discharged.

The defendant shall refrain from the use of alcohol and shall submit to testing to ensure compliance. It is further ordered that the defendant shall participate in alcohol treatment and abide by the rules of any such program until satisfactorily discharged.

The defendant shall provide the United States Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the United States Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine obligation or otherwise has the express approval of the Court.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing address or residence that occurs while any portion of the fine remains unpaid.

The Court has reviewed these conditions of supervision and finds that they are reasonably related to statutory goals, consistent with United States Sentencing Commission policy and that the liberty deprivations are no greater than is reasonably necessary.

Judgment — Page    7    of    9

DEFENDANT:          LAMONT BARNETT BOYCE, JR.
CASE NUMBER:        DPAE5:12CR000140-001, DPAE5:12CR000142-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | **Assessment** | **Fine**     | **Restitution** |
|------------|----------------|--------------|-----------------|
| **TOTALS** | $  500.00      | $  2,000.00  | $  N/A          |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|-------------------------|----------------------------|
|                   |                  |                         |                            |

| **TOTALS** | $ _____ | $ _____ |
|------------|--------------|--------------|

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   the interest requirement is waived for the     ☐  fine   ☐  restitution.

    ☐   the interest requirement for the     ☐  fine   ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page ___8___ of ___9___

DEFENDANT:          LAMONT BARNETT BOYCE, JR.
CASE NUMBER:       DPAE5:12CR000140-001, DPAE5:12CR000142-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  X  Lump sum payment of $ ___2,500.00___ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  X  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   X F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

    The fine is due immediately. It is recommended to the Federal Bureau of Prisons that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program. The defendant shall pay the fine in installments while in prison at the rate of $12.50 monthly payable under the Federal Bureau of Prisons Inmate Financial Responsibility Plan, and any unpaid balance shall be paid on supervision in monthly installments of at least $50.00, to commence 30 days after release from confinement, until the balance is paid in full or supervision is over, whichever comes first.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:

    It is further ordered that defendant shall forfeit to the United States Bureau of Alcohol, Tobacco, Firearms & Explosives and surrender all of his right, title and interest in (1) a High-Point Firearms, Model C9, 9mm Luger caliber, semiautomatic pistol,    (continued)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 6B — Schedule of Payments

Judgment—Page ___9___ of ___9___

DEFENDANT:          LAMONT BARNETT BOYCE, JR.
CASE NUMBER:        DPAE5:12CR000140-001, DPAE5:12CR000142-001

## ADDITIONAL FORFEITED PROPERTY

serial number P1262758; (2) 7 live rounds of 9mm caliber ammunition; and (3) a digital scale.